## No. 14,065.

PEOPLE EX REL. ATTORNEY GENERAL *v.* KIMSEY.
(74 P. [2d] 663)

Decided October 4, 1937.

Mr. Byron G. Rogers, Attorney General, Mr. Walter F. Scherer, Assistant, for petitioner.

Mr. G. W. Kimsey, pro se.

*En Banc.*

Mr. Justice Young delivered the opinion of the court.

The information and petition filed in this court by the attorney general against G. W. Kimsey, charges that he "advertises and represents himself to the public as having the authority to practice law and as having the authority to perform the functions of an attorney at law and act in a legal capacity," and that he did on three different occasions cause to be inserted in the Monitor, a weekly newspaper published in the City and County of Denver, state of Colorado, under the caption "Business and Professional Directory" an advertisement in words and figures as follows: "G. W. Kimsey, 1889 So. Pearl. Legal Documents." It appears from the issues of the publication, copies of which are attached to the petition as exhibits, that the aforesaid advertisement appeared under the subcaption "notary."

By an amendment to the petition it is charged:

"Second. That on the 26th day of November, A. D. 1936, respondent filed or caused to be filed with the Inheritance Tax Department of the State of Colorado, a petition for appraisal and waiver of inheritance taxes in the estate of Ella Ann Edwards, also known as Ella

A. Edwards; that upon said petition respondent alleged that he was the attorney for said estate.

"Third. That respondent, G. W. Kimsey is not now nor has he ever been an attorney at law licensed to practice the profession of law by this Honorable Court."

Petitioner prays that respondent be ruled to show cause "why he should not be punished for contempt for engaging in the practice of law in the State of Colorado, and for advertising and holding himself out as having the authority to perform the functions and duties of an attorney at law and act in a legal capacity."

Respondent admits the publication of the advertisement as charged, and admits that he is not licensed to practice law, but alleges that it was not his intention to engage in the practice of law. He answers the amendment to the petition as follows: "Answering paragraph second of petitioner's amended petition, respondent admits that he filed with the Inheritance Tax Department of the State of Colorado, a petition for appraisement and waiver of inheritance taxes in the estate of Ella Ann Edwards also known as Ella A. Edwards. Your respondent alleges that he negotiated with Lucile Edwards Simmers, a resident of the City of Pueblo, County of Pueblo, State of Colorado, to loan a certain sum of money, to-wit: $800.00 on property as security, belonging to Lucile Edwards Simmers, daughter of Ella Ann Edwards, and Ella Ann Edwards then deceased, in joint tenancy; that there was never an estate of Ella Ann Edwards probated nor did your respondent act as an attorney for the administration of said estate; that before making said loan your respondent requested an appraisement and waiver of inheritance tax of the State Inheritance Department of the State of Colorado; that on payment of the fee an appraisement and waiver was mailed to your respondent; that it was not the intention of your respondent in making and filing such request with the State Inheritance Tax Department to engage in the practice of law." There being no denial of the alle-

gations of the answer, we must assume their truth. We are furnished no brief by the attorney general as to the sufficiency of the undenied and admitted facts to constitute contempt.

■ ■ The advertisement is as consistent and reasonable if interpreted to mean that respondent will take acknowledgments or certify legal documents, as it is if construed to mean that he will write legal documents contrary to law. If we assume that the writing of such documents may legitimately be only by a lawyer, and that for a layman to do or offer to do so is illegal and a contempt of court, the proof that the one cited for contempt did or offered to do such acts should appear in the record—not rest in mere speculation—before a penalty by fine or otherwise is imposed. Contempts of court were treated as crimes at common law and punished, often with great severity. *Dockerty v. People,* 96 Colo. 338, 44 P. (2d) 1013. *Teller v. People,* 7 Colo. 451, 4 Pac. 48.

■ The advertisement here in question appears under the caption "notary" as a subhead under the general title "Business and Professional Directory." A notary public may perform certain lawful functions with respect to legal documents by virtue of his office. §6022 C. L. 1921 ('35, C. S. A., c. 113, §2). We shall not adjudge respondent in contempt of court on a record which discloses nothing more than that in a business directory published in a weekly paper his name, under the classification of "notary," appears in juxtaposition to the words "legal documents."

■ With respect to the specific charge that respondent filed a petition to have an appraisement made and a waiver issued by the inheritance tax department of the state on certain real property on which he was making a loan, we are of the opinion that in so doing, under the conditions disclosed by his undenied answer the allegations of which here stand admitted, he was not acting as an attorney at law, but was attending to his

own personal business. He was making a loan to be secured by a trust deed on real property which was, or which he at least feared was, subject to a tax, which tax is a lien on the property until paid, when the encumbrancer has notice. '35 C. S. A., c. 85, §38, Session Laws, 1933, p. 587 §6. Evidently he had notice or he would not have reported the death. The record does not disclose that respondent did anything more than ask for an appraisement and waiver. Section 53, c. 85, '35 C. S. A., Session Laws, 1935, p. 564 §5, makes it the duty of the inheritance tax commissioner and each of his deputies upon learning of the death of any person supposed to have died possessed of property in the state subject to tax, to investigate and inform the attorney general and the county court of the facts ascertained. The inheritance tax act provides the manner for assessing the tax. Surely a man loaning his money on the security of real property may apply to the tax authorities for an appraisement and issuance of a waiver of inheritance tax so he may be advised of the state of the title and the extent of the encumbrance on the property, if any.

If there was no administration of the mentioned estate, or probate proceedings concerning it pending in the county court, and respondent's undenied allegation is to that effect, the signing of his name as attorney for an estate to an application for an appraisal and waiver of inheritance tax in administration or probate proceedings that had no existence, was not practicing law, nor a representation that he was authorized to practice law.

The rule is discharged.

MR. JUSTICE BOUCK and MR. JUSTICE BAKKE not participating.